**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF LOUISANA**
**BATON ROUGE DIVISION**

| | | |
|---|---|---|
| **SALVADOR HUIZAR** | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| | § | |
| **v.** | § | **Civil Action No.** |
| | § | |
| | § | |
| **MIDLAND FUNDING** | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| **Defendant** | § | **Complaint** |
| | § | |
| | § | **and;** |
| | § | |
| | § | **Demand for Jury Trial** |
| | § | |
| | § | |
| | § | |
| | § | |

**COMPLAINT**

NOW COMES Plaintiff, SALVADOR HUIZAR (hereafter the "Plaintiff) by and through undersigned Counsel, whom through this complaint against the Defendant alleges the following:

**PRELIMINARY STATEMENT**

1.      This is an action for actual, statutory and punitive damages, costs, and Attorneys' fees brought pursuant to 15 U.S.C. §1681 et seq. (Federal Fair Credit

1

Reporting Act) and for actual, statutory and punitive damages, costs, and Attorneys' fees pursuant to 15 U.S.C. §1692 (Federal Fair Debt Collection Act).

## JURISIDICTION AND VENUE

2.      Jurisdiction of this Court is conferred by 15 U.S.C. §1681(p), 15 U.S.C. 1692k(d), and 28 U.S.C. §1331.

3.      Venue in this District is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to this claim occurred in this District, as well as, a substantial part of the property that is subject to this action is located in this Judicial District.

## PARTIES

4.      Plaintiff is a natural person and a resident and citizen of Louisiana of the United States of America.  Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1681a(c) and 15 U.S.C. §1692a (3).

5.      Defendant, MIDLAND FUNDING, (hereinafter MIDLAND FUNDING), is a "debt collector", as defined by 15 U.S.C §1692a(6) and is engaged in the business with the purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Defendant is currently doing business in Louisiana.

## FACTUAL ALLEGATIONS

6.      Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

7.      Plaintiff by and through his attorney disputed information regarding the MIDLAND FUNDING account with a dispute letter to EXPERIAN, dated September 10,

2015, disputing the inaccurate "Date of Status" and "First Reported" dates that were being reported on Plaintiff's EXPERIAN credit report dated August 19, 2015. MIDLAND FUNDING did not provide a good faith investigation into the disputed account as required by the Fair Credit Reporting Act.

8.      Plaintiff received the results from his dispute regarding the MIDLAND FUNDING account on or about October 8, 2015. Not only did MIDLAND FUNDING not correct, modify or delete the information but they changed the "First Reported" dates due to Plaintiff's dispute. On account 856560.... the "First Reported" date was changed from "Jul 2015" to "Aug 2015." MIDLAND FUNDING is changing dates that should not be changed and EXPERIAN is allowing MIDLAND FUNDING to change dates based on Plaintiff's statutory right to dispute inaccurate credit information.     MIDLAND FUNDING is penalizing Plaintiff for exercising his statutory right to dispute inaccurate information on his credit report.     MIDLAND FUNDING is re-aging Plaintiff's MIDLAND FUNDING account based on Plaintiff's right to dispute inaccurate information.

9.      MIDLAND FUNDING did not provide a good faith investigation into the MIDLAND FUNDING account no. 856560....

10.     MIDLAND FUNDING is re-aging Plaintiff's account by changing the First Reported dates.

11.     MIDLAND FUNDING is providing credit information that they know or should know is inaccurate and misleading.

12.     The Date First Reported is the first time an account is reported with EXPERIAN, that date should never change. Furthermore, EXPERIAN uses the terms

"Reported Since" and "First Reported" interchangeably on its reports depending on whether they are obtained online or through the mail. Therefore "Reported Since" and "First Reported" will be used interchangeably throughout this Complaint to refer to the same data field in Plaintiff's Experian credit report.

13.     MIDLAND FUNDING is falsely and misleadingly reporting the character and/or legal status of these alleged debts by re-aging the account.

14.     MIDLAND FUNDING  changed the Date "First Reported" in response to Plaintiff's dispute of their account with Experian.  There is only one First Reported date. *Please see Toliver v. EXPERIAN Info. Solutions, Inc.*, 973 F. Supp. 2d 707, 731 (S.D. Tex. 2013) ("First Reported" entry is meant to reflect the date that the creditor first reported the account to EXPERIAN. EXPERIAN should know this date).; *Please also see Toliver v. EXPERIAN Info. Solutions, Inc.,* 973 F. Supp. 2d 707, 722 (S.D. Tex. 2013) (the "First reported" entry should reflect either the date that LVNV first reported the account on her credit report or the date that the debt was first reported as a major delinquency with Sears, the original creditor)

15.     This account is not only inaccurate but also misleading, which the Fifth Circuit has addressed.  The Fifth Circuit ruled that even a technical accuracy can be so misleading to the point that it is no longer accurate, *please see Sepulvado vs. CSC Credit Services*, 158 F.3d 890, 895 (5th Cir. 1988), a consumer report is inaccurate if it is "misleading in such a way and to such an extent that it may be expected to adversely effect credit decisions"

4

16.     MIDLAND FUNDING did not conduct a good faith and reasonable investigation and did not delete or correct the false information but instead re-aged the dates on the account.

17.     The reporting of this credit information on Plaintiff's credit report negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.  This information was furnished by MIDLAND FUNDING and reported by EXPERIAN, misrepresenting the payment history and/or status of Plaintiff's account, and is currently being reported and is reflected on Plaintiff's credit report, resulting in lowering Plaintiff's credit score and furthering Plaintiff's damages.

18.     Plaintiff's credit reports and file have been obtained from credit reporting agencies and have been reviewed by known and unknown, prospective and existing credit grantors and extenders of credit, and the inaccurate information furnished by MIDLAND FUNDING and reported by EXPERIAN and is continuing to damage the Plaintiff's credit rating.

19.      As a result of the conduct of MIDLAND FUNDING, Plaintiff has suffered actual damages all to Plaintiff's great detriment and loss.

20.      At all times pertinent hereto, Defendant MIDLAND FUNDING was acting by and through its agents, servants, and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

21.     At all times pertinent hereto, the conduct of the Defendant, as well as, that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

**CAUSES OF ACTION**

22.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

23.     This suit is based upon the Defendant's violation of the Fair Credit Reporting Act and the Fair Debt Collection Practices Act. All causes of action were causes of the damages which Plaintiff has suffered.

*Count I: Fair Credit Reporting Act*

24.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

25.     This suit is brought against the Defendant, MIDLAND FUNDING, as the damages made the basis of this suit were caused by their violation of the FCRA.  In all instances of violating the FCRA, Defendants  MIDLAND FUNDING did so willfully and/or negligently.  Under, 15 U.S.C. §1681n and §1681o, the Plaintiff is entitled to recover actual damages, punitive damages, and reasonable attorney' s fees.

15 U.S.C. §1681n, "**Civil Liability for Willful Noncompliance**" reads:

(a)     Any person who willfully fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of

(1)     any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1000

(2)     such amount of punitive damages as the court may allow; and

(3)    in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

And, 15 U.S.C. §1681o, "**Civil Liability for Negligent Noncompliance**" reads:

(a )    Any person who is negligent in failing to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of:

(1)    any actual damages sustained by the consumer as a result of the failure; and

(2)    in the case of any successful action to enforce any liability under this section, the costs of the action with reasonable attorney's fees as determined by the court.

26.    Plaintiff by and through his attorney disputed information regarding the MIDLAND FUNDING account with a dispute letter to EXPERIAN, dated September 10, 2015, disputing the inaccurate "Date of Status" and "First Reported" dates there were being reported on Plaintiff's credit report, as required by the Fair Credit Reporting Act.

27.    Plaintiff received the results from his dispute regarding the MIDLAND FUNDING account on or about October 8, 2015. Not only did MIDLAND FUNDING not correct, modify or delete the information but they changed the "First Reported" dates due to Plaintiff's dispute. On account 856560.... the "First Reported" date was changed from "Jul 2015" to "Aug 2015." MIDLAND FUNDING is changing dates that should not be changed through its response to Plaintiff's dispute MIDLAND FUNDING 856560.... with Experian. Thus changing dates based on Plaintiff's statutory right to dispute inaccurate credit information.   MIDLAND FUNDING is penalizing Plaintiff for exercising his statutory right to dispute inaccurate information on his credit report.

MIDLAND FUNDING is re-aging Plaintiff's MIDLAND FUNDING account with due to Plaintiff's lawful dispute of his account with Experian.

28.     MIDLAND FUNDING changed the Date "First Reported" on Plaintiff's Experian report by entering and inaccurate response to Experian based on Plaintiff's dispute and thus caused the change to the Date First Reported.  There is only one first reported date.   There is only one first reported date. *Please see Toliver v. EXPERIAN Info. Solutions, Inc.*, 973 F. Supp. 2d 707, 731 (S.D. Tex. 2013) ("First Reported" entry is meant to reflect the date that the creditor first reported the account to EXPERIAN. EXPERIAN should know this date.); *Please also see Toliver v. EXPERIAN Info. Solutions, Inc.,* 973 F. Supp. 2d 707, 722 (S.D. Tex. 2013) (the "First reported" entry should reflect either the date that LVNV first reported the account on her credit report or the date that the debt was first reported as a major delinquency with Sears, the original creditor)

29.     If  Defendant would have conducted a reasonable good faith investigation, they should have determined that they were changing dates that should not be changed and providing inaccurate data.

The section entitled "**Procedure in Case of Disputed Accuracy**" under 15 U.S.C. §1681i(a)(1)(A) reads:

    (a)  Reinvestigations in case disputed information

     (1) Reinvestigation required

    (A) In general-- Subject to subsection (f), if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency

shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30 day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.

The re-aging and manipulating of the dates artificially lowered Plaintiff's credit score more than if the account was being reported accurately, as well as, making the account seem more recently delinquent than they really are to potential creditors, causing him damage.

30.     MIDLAND FUNDING violated its duty under 15 U.S.C. §1681s-2(b) to conduct a good faith investigation into Plaintiff's notice of dispute and failing to delete or correct the inaccurate information.  After receiving a dispute notice from EXPERIAN, MIDLAND FUNDING did not conduct a complete, accurate or reasonable investigation into the disputed issue.  MIDLAND FUNDING did not give a good faith and reasonable investigation into the inaccurate information that was disputed on September 10, 2015. MIDLAND FUNDING should have discovered that the information they are providing the Credit Bureaus was not accurate.  MIDLAND FUNDING is re-aging the account of Plaintiff's to a date that is more recent than legally accurate.  For MIDLAND FUNDING to be liable under 15 U.S.C. §1681, Plaintiff must dispute the account with EXPERIAN, EXPERIAN then contacts MIDLAND FUNDING regarding the dispute and MIDLAND FUNDING should conduct a good faith and reasonable "investigation" as well and then provides EXPERIAN with corrected credit data or delete the trade line.  The credit data that MIDLAND FUNDING is providing EXPERIAN is false, misleading and inaccurate and if MIDLAND FUNDING would have conducted a good faith, reasonable investigation, they would have discovered the inaccurate data.

31.     Plaintiff by and through his attorney disputed information regarding the MIDLAND FUNDING account with a dispute letter to EXPERIAN, dated September 10, 2015, disputing the inaccurate "Date of Status" and "First Reported" dates there were being reported on Plaintiff's credit report, as required by the Fair Credit Reporting Act.

32.     Plaintiff received the results from his dispute regarding the MIDLAND FUNDING account on or about October 8, 2015. Not only did MIDLAND FUNDING not correct, modify or delete the information but they changed the "First Reported" dates due to Plaintiff's dispute. On account 856560.... the "First Reported" date was changed from "Jul 2015" to "Aug 2015." MIDLAND FUNDING is changing dates that should not be changed through its response to Plaintiff's dispute MIDLAND FUNDING 856560.... with Experian. Thus changing dates based on Plaintiff's statutory right to dispute inaccurate credit information.   MIDLAND FUNDING is penalizing Plaintiff for exercising his statutory right to dispute inaccurate information on his credit report. MIDLAND FUNDING is re-aging Plaintiff's MIDLAND FUNDING account with due to Plaintiff's lawful dispute of his account with Experian.


33.     MIDLAND FUNDING changed the Date "First Reported" on Plaintiff's Experian report by entering and inaccurate response to Experian based on Plaintiff's dispute and thus caused the change to the Date First Reported.  There is only one first reported date.  There is only one first reported date. *Please see Toliver v. EXPERIAN Info. Solutions, Inc.*, 973 F. Supp. 2d 707, 731 (S.D. Tex. 2013) ("First reported" entry is meant to reflect the date that the creditor first reported the account to EXPERIAN. EXPERIAN should know this date.); *Please also see Toliver v. EXPERIAN Info.*

*Solutions, Inc.,* 973 F. Supp. 2d 707, 722 (S.D. Tex. 2013) (the "First reported" entry should reflect either the date that LVNV first reported the account on her credit report or the date that the debt was first reported as a major delinquency with Sears, the original creditor)

34.     If EXPERIAN would have conducted a reasonable good faith investigation, they should have determined that MIDLAND FUNDING was changing dates that should not be changed and providing the bureaus with inaccurate data.  The re-aging and manipulating of the dates artificially lowered Plaintiff's credit score more than if the account was being reported accurately as well as making the account seem more recently delinquent than they really are to potential creditors, causing him damage.

The section entitled "Duty of Furnishers of Information Upon Notice of Dispute" under 15 U.S.C. §1681s-2(b) reads:

> (1)     After receiving notice pursuant to section 1681i(a)(2) of this title of a dispute <u>with</u> regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall
>
> > (A)     conduct an investigation with respect to the disputed information:
> >
> > (B)     review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;
> >
> > (C)     report the results of the investigation to the consumer reporting agency;
> >
> > (D)     <u>if</u> the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis.
> >
> > (E)     if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a

consumer reporting agency only, as appropriate based on the results of the reinvestigation promptly

  (i)        modify that item of information

  (ii)      delete that item of information

  (iii)     permanently block the reporting of that item of information

35.     Plaintiff by and through his attorney disputed information regarding the MIDLAND FUNDING account with a dispute letter to EXPERIAN, dated September 10, 2015, disputing the inaccurate "Date of Status" and "First Reported" dates there were being reported on Plaintiff's credit report, as required by the Fair Credit Reporting Act.

36.     Plaintiff received the results from his dispute regarding the MIDLAND FUNDING account on or about October 8, 2015. Not only did MIDLAND FUNDING not correct, modify or delete the information but they changed the "First Reported" dates due to Plaintiff's dispute. On account 856560.... the "First Reported" date was changed from "Jul 2015" to "Aug 2015." MIDLAND FUNDING is changing dates that should not be changed through its response to Plaintiff's dispute MIDLAND FUNDING 856560.... with Experian. Thus changing dates based on Plaintiff's statutory right to dispute inaccurate credit information.   MIDLAND FUNDING is penalizing Plaintiff for exercising his statutory right to dispute inaccurate information on his credit report. MIDLAND FUNDING is re-aging Plaintiff's MIDLAND FUNDING account with due to Plaintiff's lawful dispute of his account with Experian.

### _Count II: Fair Debt Collection Act_

Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

37     MIDLAND FUNDING violated 15 U.S.C. §1692e(2)(A) by falsely representing the character and/or the legal status of the alleged debt. MIDLAND FUNDING re-aged the "first reported" dates to more recent dates than legally accurate. By re-aging the dates, MIDLAND FUNDING violated 15 U.S.C. §1692e(2)(A). The re-aging and manipulating of the dates is falsely representing the character of the debt by re-aging the debt and making it look much more recent than it really is. The more recent the debt the more it damages credit scores, severely damaging Plaintiff's credit score. Potential lenders look at how recent delinquencies are on a credit report when evaluating loan risks, the more recent the delinquency the higher the financial risk. The re-aging of the account makes the older account look new again and thus at a higher risk for default.

15 U.S.C. §1692e **"False or Misleading Representation"**

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

**(2)** The false representation of—
**(A)** the character, amount, or legal status of any debt

38.     MIDLAND FUNDING violated 15 U.S.C. §1692e(8) by reporting credit information to EXPERIAN that they knew or should have known to be false. MIDLAND FUNDING reported information that they know or should have known to be false when they re-aged both the date of status and first reported dates on Plaintiff's credit report.

39.     Plaintiff by and through his attorney disputed information regarding the regarding the MIDLAND FUNDING account with a dispute letter to EXPERIAN, dated September 10, 2015, disputing the inaccurate "Date of Status" and "First Reported" dates

there were being reported on Plaintiff's credit report, as required by the Fair Credit Reporting Act.

40.     Plaintiff received the results from his dispute regarding the MIDLAND FUNDING account on or about October 8, 2015. Not only did MIDLAND FUNDING not correct, modify or delete the information but they changed the "First Reported" dates due to Plaintiff's dispute. On account 856560.... the "First Reported" date was changed from "Jul 2015" to "Aug 2015." MIDLAND FUNDING is changing dates that should not be changed through its response to Plaintiff's dispute MIDLAND FUNDING 856560.... with Experian. Thus changing dates based on Plaintiff's statutory right to dispute inaccurate credit information.     MIDLAND FUNDING is penalizing Plaintiff for exercising his statutory right to dispute inaccurate information on his credit report. MIDLAND FUNDING is re-aging Plaintiff's MIDLAND FUNDING account with due to Plaintiff's lawful dispute of his account with Experian.

41.     MIDLAND FUNDING should have discovered the misleading information if it would have provided a good faith reasonable investigation and corrected the information.  Defendant are communicating information they know or should know to be inaccurate.

42.     MIDLAND FUNDING changed the Date "First Reported" on Plaintiff's Experian report by entering and inaccurate response to Experian based on Plaintiff's dispute and thus caused the change to the Date First Reported.  There is only one first reported date. *Please see Toliver v. EXPERIAN Info. Solutions, Inc.*, 973 F. Supp. 2d 707, 731 (S.D. Tex. 2013) ("First reported" entry is meant to reflect the date that the creditor

first reported the account to EXPERIAN. EXPERIAN should know this date).; *Please also see Toliver v. EXPERIAN Info. Solutions, Inc.,* 973 F. Supp. 2d 707, 722 (S.D. Tex. 2013) (the "First reported" entry should reflect either the date that LVNV first reported the account on her credit report or the date that the debt was first reported as a major delinquency with Sears, the original creditor)

43.     The re-aging and manipulating of the dates artificially lowered Plaintiff's credit score more than if the account was being reported accurately as well as making the account seem more recently delinquent than they really are to potential creditors, causing him damage.

15 U.S.C. §1692e **"False or Misleading Representation"** reads:

> (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

44.     MIDLAND FUNDING violated Federal Statutes 15 U.S.C. §1692e(10) and 15 U.S.C §1692f.  Defendant falsely and deceptively re-aged the alleged account on Plaintiff's credit report. MIDLAND FUNDING intentionally violated 15 U.S.C. §1692 by false and deceptively re-aged account in order to collect a debt.  By re-aging dates, MIDLAND FUNDING has intentionally violated 15 U.S.C. §1692 by false and deceptively re-aged the account in order to collect a debt, which is an unfair and unconscionable act. The more recent the delinquency, the more it negatively effects credit ratings and scores.

45.     Plaintiff by and through his attorney disputed information regarding the regarding the MIDLAND FUNDING with a dispute letter to EXPERIAN, dated September 10, 2015, disputing the inaccurate "Date of Status" and "First Reported" dates

15

there were being reported on Plaintiff's credit report, as required by the Fair Credit Reporting Act.

46.     Plaintiff received the results from his dispute regarding the MIDLAND FUNDING account on or about October 8, 2015. Not only did MIDLAND FUNDING not correct, modify or delete the information but they changed the "First Reported" dates due to Plaintiff's dispute. On account 856560.... the "First Reported" date was changed from "Jul 2015" to "Aug 2015." MIDLAND FUNDING is changing dates that should not be changed through its response to Plaintiff's dispute MIDLAND FUNDING 856560.... with Experian. Thus changing dates based on Plaintiff's statutory right to dispute inaccurate credit information.   MIDLAND FUNDING is penalizing Plaintiff for exercising his statutory right to dispute inaccurate information on his credit report. MIDLAND FUNDING is re-aging Plaintiff's MIDLAND FUNDING account with due to Plaintiff's lawful dispute of his account with Experian.

47.     The re-aging and manipulating of the dates artificially lowered Plaintiff's credit score more than if the account was being reported accurately as well as making the account seem more recently delinquent than they really are to potential creditors, causing him damage.  The conduct of MIDLAND FUNDING through the re-aging of account and violating multiple Fair Debt Collection laws is an unfair and unconscionable means to collect an alleged debt.

15 U.S.C. §1692e **"False or Misleading Representation"** reads:

> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

And;

The section entitled **"Unfair practices"** under 15 U.S.C §1692f reads;

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

48.    The conduct of EXPERIAN and MIDLAND FUNDING were a direct and proximate cause, as well as a substantial factor in bringing about the serious injuries, damages and harm to Plaintiff that are outlined above and, as a result, Defendants are liable to compensate Plaintiff for the full amount of actual, statutory, compensatory and punitive damages, as well as such other relief, permitted by law.

49.    As a result of Defendants' conduct, Plaintiff has suffered great emotional and mental pain and anguish, and all to Plaintiff's great detriment and loss.

50.    As a result of Defendant's conduct, Plaintiff has suffered actual damages and all to Plaintiff's great detriment and loss.

51.    At all times pertinent hereto, Defendants were acting by and through their agents, servants, and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

52.    At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

53.     Plaintiff has attached two Exhibits to this Complaint. Exhibit 1 is the Plaintiff's Experian Credit Report dated August 19, 2015 and Exhibit 2 is Plaintiff's updated Experian report he received on October 8, 2015.

<u>DEMAND FOR JURY TRIAL</u>

54.   Plaintiff demands trial by jury.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants EXPERIAN and MIDLAND FUNDING, based on the following requested relief:

(a)    Actual damages pursuant to 15 U.S.C. §1681

(b)    Statutory damages pursuant to 15 U.S.C. §1681

(c)    Punitive damages pursuant to 15 U.S.C. §1681

(d)    Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1681n, §1681o

(e) Actual damages pursuant to 15 U.S.C. §1692k;

(f) Statutory damages pursuant to 15 U.S.C. §1692k;

(g) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k

(h)Such other and further relief as may be necessary, just and proper.

Dated:  October 7, 2016

Respectfully submitted,

/s/Jonathan Raburn
Jonathan Raburn
ATTORNEY FOR PLAINTIFF

Louisiana Bar Roll No. 28728
The Raburn Law Firm, LLC
301 N. Main Street
Suite 2200
Baton Rouge, LA 70825
jonathan@geauxlaw.com
225-412-2777
225-412-3783 (facsimile)

/s/ Dennis McCarty
Dennis McCarty
ATTORNEY FOR PLAINTIFF
Mississippi Bar No. 102733
Federal Bar No. 993800
P.O. Box 111070
Carrollton, TX., 75011
Telephone: 817-704-3375
Fax (817) 887-5069
Dennismccartylaw@gmail.com