**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA
BATON ROUGE DIVISION**

**SALVADOR HUIZAR**                           **CASE NO. 3:16-CV-00671**

**VERSUS**                                    **JUDGE SHELLY D. DICK**

**MIDLAND FUNDING, LLC**                      **MAGISTRATE JUDGE WILDER-
                                              DOOMES**

**ANSWER TO COMPLAINT**

COMES NOW Defendant, Midland Funding LLC ("Midland"), by and through undersigned counsel of record, and files this Answer to Plaintiff's Complaint and would show unto the Court as follows:

In answer to the allegations in the Plaintiff's Complaint, and without waiving any other defenses, Midland would respond as follows:

1.  Midland admits that Plaintiff's allegations have been made under the Fair Credit Reporting Act ("FCRA") and the Fair Debt Collection Practices Act ("FDCPA"). Midland specifically denies that it violated the FCRA or the FDCPA.

2.  Midland admits that jurisdiction is proper in this Court. Midland denies the remaining allegations contained in Paragraph 2 of the Complaint for lack of information sufficient to justify a belief as to the truth thereof.

3.  Midland denies the allegations contained in Paragraph 3 of the Complaint for lack of information sufficient to justify a belief as to the truth thereof.

4.  Midland admits that Plaintiff is a natural person. Midland denies the remaining allegations contained in Paragraph 4 of the Complaint for lack of information sufficient to justify a belief as to the truth thereof.

172015.2

5. Denied as stated. Midland admits that, under certain circumstances, it may meet the definition of a "debt collector" under 15 U.S.C. § 1692a; however, Midland lacks sufficient knowledge or information to either admit or deny that those circumstances exist with respect to Huizar, and therefore denies the allegation. Midland admits that it is currently doing business in Louisiana.

6. Midland adopts and incorporates its previous defenses, responses and denials to Paragraphs 1 through 5 as if they were set forth in their entirety herein.

7. Midland denies the allegations contained in Paragraph 7 of the Complaint.

8. Midland denies the allegations contained in Paragraph 8 of the Complaint.

9. Midland denies the allegations contained in Paragraph 9 of the Complaint.

10. Midland denies the allegations contained in Paragraph 10 of the Complaint.

11. Midland denies the allegations contained in Paragraph 11 of the Complaint.

12. Midland denies the allegations contained in Paragraph 12 of the Complaint for lack of information sufficient to justify a belief as to the truth thereof.

13. Midland denies the allegations contained in Paragraph 13 of the Complaint.

14. Midland denies the allegations contained in Paragraph 14 of the Complaint.

15. Midland states that Paragraph 15 of the Complaint calls for a legal conclusion in which Midland is not required to respond. To the extent a response is required, Midland denies the allegations contained in Paragraph 15 of the Complaint.

16. Midland denies the allegations contained in Paragraph 16 of the Complaint.

17. Midland denies the allegations contained in Paragraph 17 of the Complaint.

18. Midland denies the allegations contained in Paragraph 18 of the Complaint for lack of information sufficient to justify a belief as to the truth thereof.

19. Midland denies the allegations contained in Paragraph 19 of the Complaint. Midland specifically denies that Plaintiff is entitled to any damages whatsoever from Midland.

20. Midland denies the allegations contained in Paragraph 20 of the Complaint.

21. Midland denies the allegations contained in Paragraph 21 of the Complaint.

22. Midland adopts and incorporates its previous defenses, responses and denials to Paragraphs 1 through 21 as if they were set forth in their entirety herein.

23. Midland admits that Plaintiff's claims are based on the FCRA and the FDCPA. Midland denies the remaining allegations contained in Paragraph 23 of the Complaint.

24. Midland adopts and incorporates its previous defenses, responses and denials to Paragraphs 1 through 23 as if they were set forth in their entirety herein.

25. Midland states that Paragraph 25 of the Complaint calls for a legal conclusion in which Midland is not required to respond. Midland denies the remaining allegations contained in Paragraph 25 of the Complaint, including all subparts.

26. Midland denies the allegations contained in Paragraph 26 of the Complaint for lack of information sufficient to justify a belief as to the truth thereof.

27. Midland denies the allegations contained in Paragraph 27 of the Complaint.

28. Midland denies the allegations contained in Paragraph 28 of the Complaint.

29. Midland states that portions of Paragraph 29 of the Complaint call for a legal conclusion in which Midland is not required to respond. Midland denies the remaining allegations contained in Paragraph 29 of the Complaint, including all subparts.

30. Midland denies the allegations contained in Paragraph 30 of the Complaint.

31. Midland denies the allegations contained in Paragraph 31 of the Complaint for lack of information sufficient to justify a belief as to the truth thereof.

32. Midland denies the allegations contained in Paragraph 32 of the Complaint.

33. Midland denies the allegations contained in Paragraph 33 of the Complaint.

34. Midland states that portions of Paragraph 34 of the Complaint call for a legal conclusion in which Midland is not required to respond. Midland denies the remaining allegations contained in Paragraph 34 of the Complaint, including all subparts.

35. Midland denies the allegations contained in Paragraph 35 of the Complaint for lack of information sufficient to justify a belief as to the truth thereof.

36. Midland denies the allegations contained in Paragraph 36 of the Complaint.

Midland adopts and incorporates its previous defenses, responses and denials to Paragraphs 1 through 36 as if they were set forth in their entirety herein.

37. Midland denies the allegations contained in Paragraph 37 of the Complaint.

38. Midland denies the allegations contained in Paragraph 38 of the Complaint.

39. Midland denies the allegations contained in Paragraph 39 of the Complaint for lack of information sufficient to justify a belief as to the truth thereof.

40. Midland denies the allegations contained in Paragraph 40 of the Complaint.

41. Midland denies the allegations contained in Paragraph 41 of the Complaint.

42. Midland denies the allegations contained in Paragraph 42 of the Complaint.

43. Midland denies the allegations contained in Paragraph 43 of the Complaint for lack of information sufficient to justify a belief as to the truth thereof.

44. Midland denies the allegations contained in Paragraph 44 of the Complaint.

45. Midland denies the allegations contained in Paragraph 45 of the Complaint for lack of information sufficient to justify a belief as to the truth thereof.

46. Midland denies the allegations contained in Paragraph 46 of the Complaint.

47. Midland denies the allegations contained in Paragraph 47 of the Complaint for lack of information sufficient to justify a belief as to the truth thereof.

48. Midland denies the allegations contained in Paragraph 48 of the Complaint.

49. Midland denies the allegations contained in Paragraph 49 of the Complaint.

50. Midland denies the allegations contained in Paragraph 50 of the Complaint. Midland specifically denies that Plaintiff is entitled to any damages whatsoever from Midland.

51. Midland denies the allegations contained in Paragraph 51 of the Complaint.

52. Midland denies the allegations contained in Paragraph 52 of the Complaint.

53. It does not appear that a response from Midland is required to Paragraph 53. Midland states that the documents speak for themselves.

54. Midland denies that this matter should proceed to a jury trial.

55. Midland objects to and denies each and every allegation contained in the final *ad damnum* clause beginning with "WHEREFORE," including all subparts. Midland specifically denies that Plaintiff is entitled to any damages including, but not limited to, punitive, actual and/or statutory damages, from Midland.

56. Midland specifically denies each and every allegation of the Complaint not specifically admitted herein.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails, either in whole or in part, to state a claim or cause of action against Midland upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Upon information and belief, some or all of Plaintiff's claims are barred by the applicable statute of limitations.

**THIRD AFFIRMATIVE DEFENSE**

Upon information and belief, arbitration is the more appropriate venue for Plaintiff's claims to be brought because Midland may possess certain arbitration rights based on contracts entered into by Plaintiff.

**FOURTH AFFIRMATIVE DEFENSE**

Midland did not use false or misleading representations, or deceptive practices, in connection with collection of an alleged debt from Plaintiff.

**FIFTH AFFIRMATIVE DEFENSE**

Affirmatively and alternatively, any representation alleged by Plaintiff to be false and misleading was not material.

**SIXTH AFFIRMATIVE DEFENSE**

Midland affirmatively pleads that it did not commit any act or omission constituting an actionable violation of the FDCPA.

**SEVENTH AFFIRMATIVE DEFENSE**

Midland affirmatively pleads that it did not commit any act or omission constituting an actionable violation of the FCRA.

**EIGHTH AFFIRMATIVE DEFENSE**

Midland affirmatively pleads that it do not threaten to take any action that could not be taken, or that it intended to take any such action.

**NINTH AFFIRMATIVE DEFENSE**

Midland affirmatively pleads that it did not use unfair or unconscionable means to collect a debt in this matter.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff affirmatively pleads that it did not misrepresent the legal status of the debt in any manner.

### ELEVENTH AFFIRMATIVE DEFENSE

At all times, Midland acted in good faith and without malice or intent to injure Plaintiff or to violate federal law.

### TWELFTH AFFIRMATIVE DEFENSE

Any action taken or omitted by Midland (this being expressly denied in any event) was taken or omitted in good faith and in conformity with the advisory opinions of regulatory agencies.

### THIRTEENTH AFFIRMATIVE DEFENSE

At all material times, Midland complied with any and all applicable statutory and regulatory provisions.

### FOURTEENTH AFFIRMATIVE DEFENSE

Any violation on the part of Midland, which is expressly denied, was done unintentionally, resulted from a bona fide and/or clerical error, notwithstanding the maintenance of procedures reasonably adapted to avoid any such clerical error.

### FIFTEENTH AFFIRMATIVE DEFENSE

If Midland violated any applicable statutory provision, which is expressly denied, such violation resulted from good faith reliance upon incorrect information (existence of such incorrect information being expressly denied) offered by another person.

### SIXTEENTH AFFIRMATIVE DEFENSE

Midland asserts and avers herein all defenses and limitations of remedy available to it under the FDCPA, FCRA and/or any other statute applicable to this case.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

The debts at issue may not have been consumer debts, as that term is defined under statute.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Midland affirmatively pleads that it is not responsible for acts of third parties.

**NINETEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the doctrines of waiver, estoppel, laches and unclean hands.

**TWENTIETH AFFIRMATIVE DEFENSE**

Plaintiff's alleged damages are barred, in whole or in part, by the doctrine of comparative fault.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Midland acted reasonably at all times pertinent to this action.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Affirmatively and alternatively, Midland acted reasonably and did not violate any standard of care or breach any duty allegedly owed to Plaintiff.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

Midland affirmatively pleads that Plaintiff has not suffered any actual damages as a result of the alleged acts and/or omissions of Midland.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

Any damages allegedly sustained by Plaintiff were not proximately caused by an act or omission of Midland.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Affirmatively and alternatively, Plaintiff's injuries were the result of an intervening or superseding cause or the acts of third parties over which Midland had no responsibility or control and for which Midland may not be held liable.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Affirmatively and alternatively, Midland pleads the defense of lack of causal relation between its conduct and the damages alleged.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for punitive damages are barred by the Constitution and the laws of the United States; and, in particular, Plaintiff's claim of punitive damages is unconstitutional under the Fifth, Eighth and Fourteenth Amendments of the United States Constitution.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Midland asserts that any award of punitive damages against it would be in violation of the rights afforded to Midland in the United States Constitution and the Constitution for the State of Louisiana.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

To the extent the Complaint seeks punitive damages, the Complaint violates Midland's rights to substantive and procedural due process as provided in the Fifth and Fourteenth Amendments to the United States Constitution and the correlating provisions of the Constitution of the State of Louisiana; and to the extent the Complaint seeks punitive damages, thereby subjecting Midland to criminal sanctions through punitive damages, the burden of proof required to impose such damages should be beyond reasonable doubt and should also be in accordance with the requirements and protections of the Fourth, Fifth, Sixth and Eighth Amendments to the

United States Constitution and in accordance with the applicable sections of the Constitution of the State of Louisiana.

### THIRTIETH AFFIRMATIVE DEFENSE

Affirmatively and alternatively, Plaintiff has failed to mitigate his damages.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

Midland reserves the right to raise as an affirmative defense herein any other defenses that may be applicable to it.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

Midland reserves the right to assert additional defenses as discovery progresses in this case.

WHEREFORE, PREMISES CONSIDERED, Midland Funding LLC, prays that this, its Answer, be deemed good and sufficient and that, after due proceedings be had, this Court grant judgment herein in favor of Midland Funding LLC, against Plaintiff, dismissing Plaintiff's demands with prejudice, awarding Midland Funding LLC all attorneys' fees and costs, and for all other general and equitable relief to which Midland Funding LLC is entitled.

Respectfully submitted, this the 16th day of November, 2016.

          MIDLAND FUNDING LLC

          BY:    BALCH & BINGHAM LLP

          BY:    */s/ Matthew W. McDade*
                     Of Counsel

Matthew W. McDade (LA Bar No. 32899)
BALCH & BINGHAM LLP
1310 Twenty Fifth Avenue
Gulfport, MS 39501
Telephone: (228) 864-9900
Facsimile: (228) 864-8221
mmcdade@balch.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this day I electronically filed the foregoing pleading or other paper with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

Jonathan Raburn, Esq.
jonathan@geauxlaw.com

Dennis McCarty, Esq.
dennismccartylaw@gmail.com

This the 16th day of November, 2016.

                                                            */s/ Matthew W. McDade*
                                                            Of Counsel